IN MANDAMUS ON OBJECTIONS TO THE MAGISTRATE'S DECISION
Relator, Edna Ertz, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its January 10, 1997 and August 12, 1997 orders, which overruled her motion to depose Dr. Greer and denied her application for permanent total disability ("PTD") compensation, to direct the commission to grant her motion to depose Dr. Greer, and to conduct a new hearing on the merits of her application for PTD compensation. In the alternative, relator requests this court find that Dr. Greer's report is legally insufficient and to either find that relator is entitled to PTD compensation or to require the commission to secure a new psychiatric examination and to conduct further proceedings.
This matter was referred to a court-appointed magistrate, pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and has recommended that this court deny relator's request for a writ of mandamus. Relator filed objections to the magistrate's decision.
Relator first argues that the magistrate erred in finding that no substantial disparity existed between the reports of Drs. Greer and Nims, and, therefore, she should have been permitted to depose Dr. Greer. Ohio Adm. Code 4121-3-09(A)(6)(d) provides that a party may depose a doctor where a substantial disparity exists in the reports of examining physicians and where the commission's award was predicated on one report to the exclusion of others. Dr. Greer determined that relator had a twenty percent permanent impairment based only upon her psychological condition. However, Dr. Nims stated in his report:
 It is my impression that based upon a combination of her physical and psychiatric conditions that she is permanently and totally unable to sustain any ruminative [sic] employment. [Emphasis added.]
We agree with the commission and the magistrate that Dr. Nims' report unequivocally states that his conclusion that relator is permanently impaired is based upon "a combination of her physical and psychiatric conditions." For us to determine that Dr. Nims did not rely on any physical conditions of relator in rendering his opinion would be pure speculation and would ignore the specific language of Dr. Nims' report. Thus, the ultimate conclusions reached by each of these doctors were based upon different reasoning and could not be used to show a substantial disparity. Therefore, we find this argument is without merit.
Relator also argues that the commission abused its discretion when it failed to compare Dr. Greer's report with all of the other psychological reports already on file. In her motion to depose Dr. Greer, relator stated that her reason for requesting the deposition of Dr. Greer was because his findings constituted "a substantial disparity with all of the other medical information in the file." However, at the bottom of her motion relator indicated that the only evidence she was submitting in support of her motion were the reports of Drs. Greer and Nims. Although relator urges us to find that she intended the commission to compare Dr. Greer's report with all of the other medical reports in the file, relator has failed to explain why she would have submitted these two particular reports as the only evidence in support of her motion to depose Dr. Greer. The commission requires claimants to specifically set forth at the bottom of the motion what evidence they wish the commission to rely upon so that it is not forced to search the voluminous record itself for evidence to support the claimants' arguments. We find that the commission did not err in concluding that relator was only claiming a substantial disparity between Dr. Greer's and Dr. Nims' report.
Relator next argues that because Dr. Greer's report was similar to other reports completed by Dr. Greer for other claimants, her report was legally insufficient to support a denial of PTD. Relator asserts that there are legitimate questions as to Dr. Greer's impartiality and the reliability and credibility of his reports considering the "rote nature" of his discussions and opinions. Initially, we acknowledge the close similarity between relator's report and past reports rendered by Dr. Greer for other claimants, which could under some circumstances affect the credibility and reliability of such reports. However, this similarity does not necessarily render his report defective or "legally insufficient" per se to support a denial of PTD. For the present purposes, the issue is whether Dr. Greer has rendered an accurate medical opinion and diagnosis of relator and her condition. Despite the similarities in form between her report and other claimants' reports completed by Dr. Greer, relator has failed to show that the report in her case was not an accurate medical diagnosis of her specific condition. She can point to nothing in her own report to justify the exclusion of Dr. Greer's opinion in her individual case. Therefore, we find this argument is without merit.
Relator also argues that Dr. Greer's use of "verbatim reports" constitutes a "reasonable" basis to grant the deposition of Dr. Greer, pursuant to Ohio Adm. Code 4121-3-09(A)(6)(c). For the reasons stated above, we find that the similarity between relator's medical report and other reports completed by Dr. Greer is not a reasonable basis to depose Dr. Greer in this case.
After an examination of the magistrate's decision, an independent review pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule her objections and find that the magistrate sufficiently discussed and determined the issues raised by relator in her objections. Accordingly, we adopt the magistrate's decision as our own and deny relator's request for a writ of mandamus.
Objections overruled; writ of mandamus denied.
LAZARUS, P.J., and BOWMAN, J., concur.